UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THADDEUS POTOCKI and KELLY DAVENPORT,<br><br>                Plaintiffs,<br><br>   v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>                Defendants. | Case No. 2:11-CV-02467<br><br>ORDER REMANDING CASE TO CALIFORNIA SUPERIOR COURT, SACRAMENTO COUNTY |

    Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage ("Defendants") removed this case from state court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal (Doc. #1), at 2-3. Plaintiffs do not oppose removal.

    The Court has an independent obligation to consider sua sponte whether it has subject matter jurisdiction. United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004). "In order for diversity jurisdiction to be present, there must be complete diversity such that each of the plaintiffs [is] a citizen of a different state than each of the defendants." Fisher v. Paul

Revere Ins. Group, 55 F. App'x 412, 413 (9th Cir. 2002) (internal quotations omitted).

According to the complaint attached to the Notice of Removal, Defendant Jay Levite is a citizen of California. Notice of Removal Ex. A, ¶ 48. Both plaintiffs are also citizens of California. Id., ¶ 1. Thus, there is not complete diversity of citizenship and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. The Notice of Removal also indicates that Defendant Levite has not been served, but a lack of service of process does not change the Court's jurisdictional analysis. See Vogel v. Dollar Tree Stores, Inc., No. CIV. 07-2275-WBS-EFB, 2008 WL 149234, at *3 (E.D. Cal. Jan. 14, 2008) (a federal court must have diversity jurisdiction over the entire action, not just those parties already served).

ORDER

This case is remanded to California Superior Court, Sacramento County due to the lack of federal subject matter jurisdiction.

IT IS SO ORDERED.

Dated: December 13, 2011

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE